UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIER ESVEL CACERES LEON, A-203-343-420,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-4806 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondent be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background

Petitioner is a native and citizen of Cuba who was paroled into the United States as a Cuban Refugee on June 13, 2012, and became a lawful permanent resident retroactive to that date on July 17, 2023. ECF No. 1 at 7, 45; ECF No. 7-1 at 1-2. On August 10, 2023, an immigration judge ordered petitioner removed in absentia to Cuba pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1227(a)(2)(A)(i)). ECF No. 1 at 38-40; ECF No. 7-1 at 2; ECF No. 7-2; ECF No. 7-5. Petitioner moved to reopen his removal

proceedings, and the motion was denied on March 3, 2025. ECF No. 7-1 at 2.[1]

On or about January 16, 2026, petitioner was taken into immigration custody in Miami, Florida, following his arrest for fraud and theft-related charges. ECF No. 7-1 at 2-3. Respondent submitted a Warrant of Removal/Deportation for petitioner, dated January 19, 2026, and a Notice of Removal, dated January 21, 2026, indicating that Immigrations and Customs Enforcement ("ICE") intended to remove petitioner to Mexico, a third country. ECF No. 7-5 at 1-6. On February 5, 2026, petitioner had a bond hearing, and the immigration judge denied bond based on a finding that petitioner was a danger to the community. ECF No. 7-3. Petitioner has remained detained at the California City Immigration Processing Center. ECF No. 1 at 2; ECF No. 10.

II. Procedural History

On June 23, 2026, the court received the petition for writ of habeas corpus, which challenges petitioner's detention under 28 U.S.C. § 2241. ECF No. 1. Respondent was directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Aaron H. v. Chestnut, No. 1:26-cv-1385 TLN DMC, 2026 WL 1398910 (E.D. Cal. May 19, 2026), Eduardo V.M. v. Warden of the Golden State Annex ICE Detention Facility, No. 1:26-cv-0017 TLN AC, 2026 WL 818052 (E.D. Cal Mar. 25, 2026), and other similar cases previously decided by this court." ECF No. 6. Respondent filed a response, and petitioner has submitted a reply. ECF Nos. 7, 9.[2]

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Oct. 21, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] Petitioner submitted evidence that he was served with the response on July 13, 2026, and submitted his reply via U.S. mail on July 16, 2026. See ECF No. 8 at 4 (copy of detention center mail log); see also ECF No. 6 (directing that petitioner's reply, if any, was due within 7 days of being served a copy of respondent's response). As a detainee proceeding pro se, petitioner is afforded the benefit of the prison mailbox rule, and his reply is timely. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

The petition asserts that petitioner's detention has exceeded the statutory removal period under 8 U.S.C. § 1231(a). ECF No. 1 at 1, 6-7. Petitioner alleges that his continued post-removal order detention violates his due process rights because his removal is not significantly likely in the reasonably foreseeable future. Id. at 2, 6-7 (citing Zadvydas, 533 U.S. 678). He asserts that immigration authorities have not produced travel documents, identified a third country to which he is able to be removed, or otherwise articulated a timeline for removal, rendering his continued detention unlawful. Id. at 7.

Respondent contends that petitioner's detention, which exceeded five and a half months at the time the response was filed, was still within the six-month presumptively reasonable period of detention recognized in Zadvydas and he is therefore not entitled to habeas relief. ECF No. 7 at 3-5. Respondent argues that the court's prior decision in Aaron H. and Eduardo V.M. are distinguishable on this basis because, unlike the noncitizens in those cases, petitioner was "still within the presumptively reasonable period." Id. at 4. Respondent also notes that petitioner did

not have a previous period of post-removal order detention or an order of release on supervision and "he has been afforded a bond hearing where an immigration judge found him to be a danger to the community." Id.

In reply, petitioner maintains that there is no significant likelihood of his removal in the foreseeable future. ECF No. 9. Petitioner argues that there is no repatriation agreement between the United States and Cuba and the government has not produced any documentation that Mexico has agreed to receive him. Id. at 2-3.

A. Legal Standard

The Fifth Amendment Due Process Clause protects persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693 (citations omitted).

Detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). The statute provides that when a noncitizen is ordered removed, they shall be removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). "[Section] § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). After the 90-day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Id. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)). The second category includes noncitizens ordered removed under 8 U.S.C. § 1227(a)(2). 8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States. It does

not permit indefinite detention." Zadvydas, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court recognized a period of six months to be a "presumptively reasonable period of detention." Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

B. Analysis

Respondent argues that petitioner is not entitled to relief under Zadvydas because he had not been detained for six months at the time of their brief. See ECF No. 7 ("Petitioner is within the presumptively reasonable six-month period and is not eligible for habeas relief"). This argument is misplaced, as the fact that a petitioner's post-removal detention period has not yet reached six months does not bar a Zadvydas claim. Uzzhina v. Chestnut, No. 1:25-cv-01594 DAD SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) (citing Clark v. Martinez, 543 U.S. 371, 384 (2005)) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under Zadvydas."). "The six-month presumption of reasonability under Zadvydas is 'just that—a presumption.'" Burunsuzyan v. Noem, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting Clark, 543 U.S. at 387 (O'Connor, J., concurring)). "Such a presumption is not a 'prohibition on claims challenging detention less than six months.'" Id. (quoting Hoang Trinh v. Homan, 333 F. Supp. 3d 984, 993 (C.D. Cal. 2018)). Moreover, as petitioner has now been detained for over nine months, his detention is no longer presumptively reasonable under Zadvydas. 533 U.S. at 701.

Even if respondent was entitled to benefit from the Zadvydas presumption, however, the undersigned finds that petitioner has sufficiently overcome that presumption and provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. For three years, the government did not execute petitioner's order of removal to Cuba, and petitioner maintains that Cuba is not accepting noncitizens for repatriation. While respondent represents that, as of January 2026, it is seeking to remove petitioner to Mexico,

petitioner asserts that the government has not produced any travel document, itinerary, or authorization for his removal to Mexico, nor any evidence that the Mexican government is willing to receive him. ECF No. 1 at 7; ECF No. 9 at 2. Accordingly, the undersigned finds petitioner has made a sufficient showing that he is not significantly likely to be removed to either country.

Respondent has not provided any evidence to the contrary. See generally ECF No. 7. Respondent does not dispute petitioner's facts, nor has it presented any evidence that it has procured or even requested a travel document to either country. While respondent produced a Warrant of Removal/Deportation and a Notice of Removal in January 2026, this does not demonstrate a likelihood of removal in the reasonably foreseeable future. As this court noted in Eduardo V.M., "[c]ourts in the Ninth Circuit "have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." (citing Nguyen v. Scott, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025)). Accordingly, since respondent has not presented any evidence to rebut petitioner's showing, the undersigned recommends that the petition be granted on this claim because petitioner's removal is not reasonably foreseeable and his "continued detention [is] unreasonable and no longer authorized by statute." Zadvydas, 533 U.S. at 699-700.

Respondent references the fact that petitioner received a bond hearing over eight months ago and was denied bond. To the extent respondent means to argue that petitioner should not receive relief on this claim due to that fact, see ECF No. 7 at 2-4, the undersigned rejects the argument. In the absence of evidence that petitioner's removal is reasonably foreseeable, the appropriate remedy is his immediate release under appropriate conditions of supervision. See Zadvydas, 699-700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances."); see also, e.g., Yang v. Warden, California City Corr. Ctr., No. 2:26-cv-00832 DAD DMC, 2026 WL 765027, at *2 (E.D. Cal. Mar. 18, 2026) (finding "the remedy for a successful Zadvydas claim is generally release of the habeas petitioner under conditions of supervision"); Celis v. Bondi, No. 2:26-cv-00079 GMN DJA, 2026

WL 710961, at *4 (D. Nev. Mar. 13, 2026) (same, and noting further that "when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation"); Nguyen v. Hermosillo, No. 2:26-cv-0335 GJL, 2026 WL 538497, at *5 (W.D. Wash. Feb. 26, 2026) ("The Supreme Court in Zadvydas considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal." (citing Zadvydas, 533 U.S. at 699-700)).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent shall IMMEDIATELY RELEASE petitioner ANIER ESVEL CACERES LEON, A-203-343-420, under appropriate conditions of supervision set forth in 8 C.F.R. § 241.5. At the time of release, respondent must return all of petitioner's documents and possessions.
3. Respondent be ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner without a change in circumstances to warrant petitioner's re-detention.
4. Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release.
5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE